1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

DANNI-LYNN SUMMER LOVE XOX,

11

Plaintiff,

v.

12

OSCAR GOMEZ, et al.,

13

Defendants.

14

CASE NO. 2:24-cv-02098-TL-DWC

ORDER DECLINING TO SERVE
COMPLAINT

15    Plaintiff Danni-Lynn Summer Love XOX, proceeding *pro se*, filed this civil rights action

16   under 42 U.S.C. § 1983. Dkt. 1. The filing fee has been paid. *See docket.* Having reviewed and

17   screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the

18   complaint but provides Plaintiff leave to file an amended pleading by **February 24, 2025**, to

19   cure the deficiencies identified herein.

20   **I.    Background**

21    Plaintiff, an inmate currently confined at Monroe Correctional Complex ("MCC"), filed

22   this § 1983 action asserting a claim of First Amendment retaliation against twenty-seven

23   Defendants, including ten unnamed "John" and "Jane Doe" Defendants. Dkt. 1 at 2–4. The

24

1   seventeen named Defendants and their alleged job titles within the Washington State Department

2   of Corrections ("DOC") are as follows: Cheryl Strange (DOC Secretary), Carrie Hesch

3   ("Transgender Settlement Administrator"), Michelle Webb ("Gender-Affirming Program

4   Administrator"), Oscar Gomez, Shane Mills, "Doe" Holt, Robert Fuentes, Christopher Hallgren,

5   Lt. Huttenstine, Leslie O'Conner, Kari Styles, Karie Rainer, Sgt. Kantak, C/O Peck, Jack

6   Warner, Sean Murphy, and Harold Archibald ("Correctional Staff"). *Id.* Plaintiff seeks monetary,

7   declaratory, and injunctive relief. *Id.* at 32.

8   **II.      Screening Standard**

9         Under the Prison Litigation Reform Act of 1995, the Court is required to screen

10   complaints brought by prisoners seeking relief against a governmental entity or officer or

11   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

12   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

13   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

14   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

15   152 F.3d 1193 (9th Cir. 1998).

16         The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S.

17   97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a

18   short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

19   P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The pleadings

20   must raise the right to relief beyond the speculative level and must provide "more than labels and

21   conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

22   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286

23   (1986)).

24

### III. Discussion

At the outset, the Court finds the complaint is generally deficient because it does not comply with the requirements of Rule 8(a). The complaint does not contain a short and plain statement of Plaintiff's claims and, instead, is drafted narrative style with excessive background information spanning from December 2022 until December 2024. Because of this, the Court cannot discern the allegations forming the factual basis of Plaintiff's First Amendment retaliation claims against each Defendant.

In any amended pleadings, Plaintiff should use the court-provided form and take care to organize her[1] claims in a simple, concise, and direct manner that identifies (1) the particular Defendant against whom each claim is brought, (2) the constitutional right such Defendant allegedly violated, and (3) sufficient factual detail establishing (a) the essential elements of the constitutional violation alleged and (b) the Defendant's personal participation in the alleged violation. Failure to present her claims against each Defendant in a more direct manner may result in dismissal of this action. *See Henderson v. Scott*, No. 1:02-cv-05809, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005) (dismissing narrative complaint for failure to state a claim because it is not incumbent upon the court "to glean what claims for relief might lay hidden in the narration provided," but rather the "plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim").

In addition, the complaint contains substantive deficiencies that must be cured before Plaintiff may proceed in this action. The Court addresses each deficiency below.

---

[1] By using Plaintiff's preference for female pronouns, the Court takes no position on any factual or legal issue in this case.

ORDER DECLINING TO SERVE COMPLAINT - 3

1          **A.       Individual Capacity Claims**

2          First, Plaintiff fails to state a claim against numerous Defendants in their individual

3    capacities. To proceed under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation

4    of rights protected by the Constitution or created by federal statute, and (2) the violation was

5    proximately caused by a "person" acting under color of state law. *See Crumpton v. Gates*, 947

6    F.2d 1418, 1420 (9th Cir. 1991). Thus, the first step in pleading an individual capacity § 1983

7    claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510

8    U.S. 266, 271 (1994). On step two, a plaintiff must allege facts showing how an individual

9    defendant caused, or personally participated in causing, the harm alleged in the complaint. *See*

10   *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A claim may not be brought on the theory a

11   supervisor is vicariously liable for the acts of his or her subordinates. *See Polk County v.*

12   *Dodson,* 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs.*, 436 U.S.

13   658, 691 (1978). Instead, a plaintiff must show a defendant personally participated in causing the

14   alleged constitutional injury by committing an affirmative act, by participating in or directing

15   another's affirmative act, or by failing to perform a legally required act. *Arnold v. Int'l Bus.*

16   *Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-

17   44 (9th Cir. 1978)). Broad-sweeping and conclusory allegations of personal involvement are

18   insufficient. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

19         Plaintiff's individual capacity claims are deficient at both steps. She does not establish

20   the necessary elements of a First Amendment retaliation claim, nor does she sufficiently allege

21   personal participation by numerous Defendants.

22         The elements of a First Amendment retaliation claim arising in the custodial context are:

23   (1) an assertion that a state actor took some adverse action against a plaintiff (2) because of (3)

24

ORDER DECLINING TO SERVE COMPLAINT - 4

1  the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his

2  First Amendment rights, and (5) the action did not reasonably advance a legitimate institutional

3  goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408

4  F.3d 559, 567–68 (9th Cir. 2005)).

5        The use of an internal grievance procedure constitutes "protected conduct" for the

6  purposes of a first amendment retaliation claim. *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir.

7  2005); *see also Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir. 1997) (those in custody may not be

8  retaliated against for use of grievance system); *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir.

9  1995) (individuals may not be penalized for exercising the right of redress of grievances). To

10  show that an adverse action was taken "because of" their protected conduct, a plaintiff must

11  allege facts showing the protected conduct was "the substantial or motivating factor behind the

12  defendant's conduct." *Brodheim*, 584 F.3d at 1271 (citations and quotations omitted). A plaintiff

13  "bears the burden of pleading and proving the absence of legitimate correctional goals" for the

14  actions of which they complain. *Pratt v. Rowland,* 65 F.3d 802, 806–07 (9th Cir. 1995).

15        Some of Plaintiff's allegations touch on elements of First Amendment retaliation. Even

16  so, Plaintiff does not plausibly allege First Amendment retaliation by any Defendant. On the

17  whole, Plaintiff fails to draw the necessary causal connection between her protected activities

18  and the adverse actions allegedly taken against her. She fails to demonstrate that specific adverse

19  actions lacked legitimate correctional purpose and, instead, broadly alleges that "every asserted

20  justification is improper and related to [Plaintiff's] exercise of her First Amendment protected

21  activities, and a staff culture that espouses transphobia." Dkt. 1 at 32. With regard to the last, the

22  Court notes that only allegations of retaliatory intent—not discriminatory biases—are germane to

23  Plaintiff's claim of First Amendment retaliation.

24

ORDER DECLINING TO SERVE COMPLAINT - 5

1    Additionally, for most Defendants, Plaintiff does not establish personal participation

2    beyond a speculative level, or she relies on a Defendant's supervisory position to show liability.

3    Although Plaintiff describes actions taken by some Defendants, in most instances, she does not

4    clearly allege whether such actions were retaliatory in nature. Nor does she identify which of her

5    protected First Amendment activities allegedly motivated the Defendants to take specific actions

6    against her.

7    In any amended pleadings, Plaintiff must include sufficient factual matter to establish all

8    elements of First Amendment retaliation by the Defendants individually. In doing so, Plaintiff

9    must clearly and directly state the factual basis of her claims against specific Defendants, and she

10    should only include Defendants for whom she can establish personal participation beyond a

11    speculative level.

12    **B.    Official Capacity Claims**

13    Plaintiff has also failed to state an official capacity § 1983 claim against any Defendant.

14    When a claim is brought against a state employee in their official capacity, the real party in

15    interest for that claim is the government entity for which they work, not the individual named. In

16    other words, "a suit against a state official in his official capacity is no different from a suit

17    against the State itself." *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir.

18    1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). However, States are

19    not "persons" that can be sued under § 1983. *Doe*, 131 F.3d at 839. As a result, a plaintiff

20    generally cannot sue state employees in their official capacity under § 1983.

21    Here, Plaintiff seeks both monetary damages and injunctive relief, Dkt. 1 at 32, and her

22    official capacity claims are brought against Defendants Strange, Hersch, and Webb, who are

23    employees of the DOC and the State of Washington. Dkt. 1 at 11, 32. Therefore, the real party in

24

ORDER DECLINING TO SERVE COMPLAINT - 6

1   interest for Plaintiff's official capacity claims is the State itself. But the State of Washington

2   cannot be sued for monetary damages under § 1983; additionally, Plaintiff fails to demonstrate

3   an official DOC policy or custom was the moving force behind the First Amendment retaliation

4   she allegedly suffered. Rather, throughout her complaint, Plaintiff alleges many Defendants

5   failed to uphold certain policies or act as was required by the DOC when they retaliated against

6   her. Such allegations against individual Defendants are incompatible with official capacity

7   claims against state officials.

8       **IV.    Instructions**

9       Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. In

10  addition, Plaintiff's Motion requesting the issuance of electronic service waivers, Dkt. 5, is denied

11  as premature. If Plaintiff intends to pursue this § 1983 civil rights action, she must file an amended

12  complaint and within it, she must write a short, plain statement telling the Court: (1) the

13  constitutional right Plaintiff believes was violated; (2) the name of the person who violated the

14  right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the

15  individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific

16  injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362,

17  371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

18      Plaintiff shall present the amended complaint on the court-provided form and may not

19  exceed twenty (20) pages without first obtaining leave of Court. The amended complaint must be

20  legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not

21  incorporate any part of the previous complaints by reference. The amended complaint will act as a

22  complete substitute for any previously filed complaint, and not as a supplement. Plaintiff should

23

24

ORDER DECLINING TO SERVE COMPLAINT - 7

1    not attach exhibits to the amended complaint as exhibits are not a substitute for a well-pled

2    amended complaint.

3         The Court will screen the amended complaint to determine whether it contains factual

4    allegations linking each identified defendant to the alleged violations of Plaintiff's rights. The

5    Court will not authorize service of the amended complaint on any defendant who is not specifically

6    linked to a violation of Plaintiff's rights and may recommend dismissal of such defendants. If

7    Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on

8    or before **February 24, 2025**, the undersigned will recommend dismissal of this action.

9         The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

10   civil rights complaint and for service. The Clerk is also directed to send copies of this Order and

11   *Pro Se* Instruction Sheet to Plaintiff.

12        Dated this 24th day of January, 2025.

13

14
                                                David W. Christel
15                                              United States Magistrate Judge

16

17

18

19

20

21

22

23

24

ORDER DECLINING TO SERVE COMPLAINT - 8